THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RYAN WALZ,<br><br>      Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE,<br><br>      Defendant. | **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br><br>Case No. 4:25-cv-00005-DN<br><br>District Judge David Nuffer |

  A federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction whenever a question arises as to the existence of federal jurisdiction.[1] If the court determines that it lacks subject matter jurisdiction, it must dismiss the case.[2]

  Plaintiffs are required to affirmatively assert the basis of federal subject matter jurisdiction in their complaint.[3] And federal subject matter jurisdiction among private parties can be established in one of two way—through federal question or diversity.[4]

  Federal question jurisdiction requires that a case arise under federal law.[5] "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[6] Otherwise, "[t]o invoke the power of the court . . .

---

[1] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[2] FED. R. CIV. P. 12(h)(3).

[3] *Id*. at 8(a)(1).

[4] 28 U.S.C. §§ 1331, 1332.

[5] *Id*. at § 1331.

[6] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotations omitted).

allegations of diversity must be pleaded affirmatively."[7] Diversity jurisdiction requires a complaint to include allegations showing that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation[,]"[8] and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"[9]

      Plaintiff is appearing pro se and is entitled to "liberal construction" of his pleading.[10] Nevertheless, Plaintiff's Complaint fails to sufficiently allege federal subject matter jurisdiction. The Complaint seeks to challenge, reverse, and prevent a non-judicial trustee's sale of certain real property located in Utah.[11] The Complaint includes references to certain federal statutes and regulations.[12] But these authorities relate to the sale of commodities[13] and consumer credit protection,[14] which do not appear to create a private cause of action or to apply to the relief Plaintiff seeks. Therefore, it does not appear that federal subject matter jurisdiction exists through a federal question.

      Plaintiff's Complaint also does not contain allegations regarding diversity jurisdiction. "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."[15] Additionally, when a party is a corporation, it is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or

---

[7] *Martinez v. Martinez*, 62 Fed. App'x 309, 313 (10th Cir. 2003).

[8] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

[9] 28 U.S.C. § 1332(a).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] Motion for Emergency Injunctive Relief Reversal of Sale at Auction and Future Sales Prohibited ("Complaint") ¶¶ 4-28 at 2-5, docket no. 1, filed Jan. 22, 2025.

[12] *Id.* ¶ 3 at 2, ¶ 16 at 4, ¶¶ 18-20 at 4.

[13] 7 U.S.C. § 6b.

[14] 15 U.S.C. §§ 44, 1637, 1666; 12 CFR 1026, 1026.13.

[15] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

foreign state where it has its principal place of business."[16] Plaintiff's Complaint states that Plaintiff is "[a] non-resident/noncitizen" to the State of Utah.[17] But it contains no affirmative allegations identifying Plaintiff's citizenship. The Complaint includes no allegations regarding Defendant's citizenship—it identifies only a Texas address for Defendant in its caption.[18] And the Complaint includes no allegations regarding an amount in controversy. Therefore, Plaintiff's Complaint fails to sufficiently allege federal subject matter jurisdiction through diversity.

## ORDER

IT IS HEREBY ORDERED that by no later than Monday, February 10, 2025, Plaintiff must file an amended complaint which contains sufficient allegations to establish federal subject matter jurisdiction.

If Plaintiff is unable to obtain the necessary information to allege federal subject matter jurisdiction and timely file an amended complaint, or believes that the original Complaint contains sufficient allegations, Plaintiff must file by no later than Monday, February 10, 2025, a response to this Order stating the reasons the information could not be obtained and requesting additional time, or stating the basis for this court's exercise of subject matter jurisdiction in this case.

If Plaintiff fails to timely file an amended complaint or a response to this Order, Plaintiffs' Complaint and this action will be dismissed without prejudice, without further notice.

---

[16] 28 U.S.C. § 1332(c)(1).

[17] Complaint ¶ 2 at 2.

[18] *Id*. at 1.

No action will be taken on Plaintiff's pending Motion for Emergency Injunctive Relief Reversal of Sale at Auction and Future Sales Prohibited[19] until after Plaintiff files an amended complaint or a response to this Order.

Signed January 27, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[19] Docket no. 2, filed Jan. 22, 2025.