THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RYAN WALZ,<br><br>                Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br><br>Case No. 4:25-cv-00005-DN<br><br>District Judge David Nuffer |

On January 27, 2025, an Order to Show Cause issued,[1] which identified deficiencies in the Complaint's[2] allegations of federal subject matter jurisdiction. The Order to Show Cause directed Plaintiff to file either (1) a responsive brief stating how the Complaint's allegations were sufficient to establish federal subject matter jurisdiction, or (2) an amended complaint that corrected the deficiencies and adequately pleaded federal subject matter jurisdiction.[3] Plaintiff responded to the Order to Show Cause by filing an Amended Complaint.[4]

Because the Amended Complaint fails to correct the pleading deficiencies identified in the Order to Show Cause and fails to sufficiently allege federal subject matter jurisdiction, the Amended Complaint and this case are DISMISSED without prejudice for lack of jurisdiction.

---

[1] Order to Show Cause Re: Subject Matter Jurisdiction ("Order to Show Cause"), docket no. 5, filed Jan. 27, 2025.

[2] Motion for Emergency Injunctive Relief Reversal of Sale at Auction and Future Sales Prohibited ("Complaint"), docket no. 1, filed Jan. 22, 2025.

[3] Order to Show Cause at 3.

[4] Verified Complaint ("Amended Complaint"), docket no. 6, filed Jan. 29, 2025.

**DISCUSSION**

A federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction whenever a question arises as to the existence of federal jurisdiction.[5] If the court determines that it lacks subject matter jurisdiction, it must dismiss the case.[6]

Federal subject matter jurisdiction among private parties can be established in one of two way—through federal question or diversity.[7] And a plaintiff is required to affirmatively assert the basis of federal subject matter jurisdiction in the complaint.[8]

Federal question jurisdiction requires that a case arise under federal law.[9] "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[10] Otherwise, "[t]o invoke the power of the court . . . allegations of diversity must be pleaded affirmatively."[11] Diversity jurisdiction requires a complaint to include allegations showing that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation[,]"[12] and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"[13]

---

[5] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[6] FED. R. CIV. P. 12(h)(3).

[7] 28 U.S.C. §§ 1331, 1332.

[8] FED. R. CIV. P. 8(a)(1).

[9] 28 U.S.C. § 1331.

[10] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotations omitted).

[11] *Martinez v. Martinez*, 62 Fed. App'x 309, 313 (10th Cir. 2003).

[12] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

[13] 28 U.S.C. § 1332(a).

Plaintiff is appearing pro se and is entitled to "liberal construction" of his pleading.[14] Nevertheless, Plaintiff's Amended Complaint fails to sufficiently allege federal subject matter jurisdiction. The Amended Complaint does not correct the deficiencies the Order to Show Cause identified regarding the original Complaint.[15] The Amended Complaint seeks to challenge and reverse the non-judicial trustee's sales of certain real property located in Utah.[16] The Amended Complaint includes references to federal law.[17] But these authorities do not create a private cause of action for the relief Plaintiff seeks, not does the Amended Complaint involve a substantial question of federal law. Therefore, the Amended Complaint fails to establish federal subject matter jurisdiction through a federal question.

Plaintiff's Amended Complaint also does not contain sufficient allegations to establish diversity jurisdiction. "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."[18] Additionally, when a party is a corporation, it is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[19] The Amended Complaint alleges that Defendant is an entity that is "tied directly to the government.[20] The Amended Complaint also includes an incorrect legal conclusion that Defendant is an employee of the government.[21] But Defendant is not a governmental agency or employee such

---

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] Order to Show Cause at 2-3.

[16] Amended Complaint ¶ 15 at 4, ¶ 23 at 5.

[17] *Id*. ¶¶ 2-3 at 1-2, ¶¶ 7-8 at 2-3, ¶¶ 12-14 at 3-4.

[18] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

[19] 28 U.S.C. § 1332(c)(1).

[20] Amended Complaint ¶ 2 at 1.

[21] *Id*. ¶ 4 at 2.

that would confer federal subject matter jurisdiction. And the Amended Complaint contains no affirmative allegations of Defendant's citizenship for purposes of establishing diversity jurisdiction.

Additionally, the Amended Complaint alleges that Plaintiff is "not and ha[s] never knowingly consented to being a resident inside the incorporated State of Utah,"[22] and that Plaintiff is a "non-citizen American national of the unincorporated United States of America, The Constitutional Republic."[23] The Amended Complaint also includes incorrect legal conclusions that Plaintiff is "not subject to territorial jurisdiction" and is a "foreign party."[24] The Amended Complaint fails to affirmatively allege Plaintiff's citizenship for purposes of establishing diversity jurisdiction.

Therefore, Plaintiff's Amended Complaint fails to sufficiently allege federal subject matter jurisdiction.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Amended Complaint and this case are DISMISSED without prejudice for lack of jurisdiction.

The Clerk is directed to terminate all pending motions and close the case.

Signed February 24, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[22] *Id.* ¶ 10 at 3.

[23] *Id.* ¶ 12 at 3.

[24] *Id.* ¶¶ 12-14 at 3-4.